**WILLIAMS v. HUFF.**

No. 8853.

United States Court of Appeals District of Columbia.

Argued Dec. 5, 1944.

Decided Jan. 22, 1945.

Mr. James R. Kirkland, of Washington, D. C. (appointed by this Court) for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John P. Burke, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from an order discharging a writ of habeas corpus. In 1941 petitioner waived counsel and pleaded guilty to an indictment for assault with a dangerous weapon. He states that at the time of the alleged offense he was fifteen years old, and at the time of his plea he was seventeen; that he did not intelligently waive the right to counsel and was misled as to the effect his plea of guilty would have on his sentence.

On a previous appeal we held that the appellant's competence to waive counsel was a question of fact in the determination of which his youth was entitled to serious consideration but was not necessarily conclusive. We therefore remanded the case to the District Court to take evidence and determine whether, in the light of his age, education, and information, and all other pertinent facts, he sustained the burden of proof that his waiver was not competent and intelligent.[1]

■ At the hearing below on whether the right of counsel was intelligently waived appellant was the sole witness. He testified that he did not know that he was entitled to assigned counsel. This is contradicted by the record of the previous conviction which shows that he was advised of his constitutional rights which he expressly waived. This is a fact of record which cannot be attacked by oral testimony in the habeas corpus proceedings. If this were the only issue of fact the judgment of the court below would be sustained.

■■ However, there is another issue in the case, i. e., whether the waiver which appears of record was made intelligently. Appellant testified that he entered a plea of guilty on the advice of other prisoners who informed him that such a plea would give him a better chance for probation. This part of his testimony is uncontradicted. Appellant is, of course, a biased witness and in the ordinary habeas corpus case the court would be entitled to disbelieve such testimony even in the absence of rebutting evidence. But in this case the fact that appellant was seventeen years old at the time of his plea corroborates his testimony. It creates an inference of fact that his waiver was not intelligent. Such an inference would be rebutted if the record showed that he was examined at the time of his plea on the question of his intelligent capacity to waive his constitutional right to counsel. Such a precaution is always advisable where the accused who waives his right to counsel is a minor. In the absence of such a record it is incumbent upon the government to show some other facts which rebut the inference arising from the age of the accused. No such facts appear in the record.

■ Appellant was first arrested when he was fifteen years old and sent to the reformatory without the benefit of counsel. Some months later he escaped and was arrested. He struck at the arresting officer with a penknife but there is no indication that the injury was serious. Arraignment for this assault was delayed nearly two

---

[1] Williams v. Huff, 1944, — U.S.App. D.C. —, 142 F.2d 91.

years while appellant was confined in the reformatory. There is no explanation for this delay. Appellant is now twenty-two years of age and has been imprisoned for a total of nearly seven years. This seems on its face to be stiff punishment for offenses of the character indicated by the record. Of course there may be circumstances to justify this punishment. But where the nature of the offense does not on its face justify the severity of a sentence it is important that the trial court insist that enough facts appear on the record to indicate the basis for its action. The absence of such a showing lends at least some support to the inference that a minor did not intelligently waive counsel because it indicates that the assistance of counsel might have been of great benefit to him.

The evidence therefore does not sustain a finding, against the positive testimony of the appellant, that the waiver of counsel was intelligently made, and in our opinion appellant should be discharged.

Reversed and remanded.