THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ELROY AMOS, Appellant.

Fourth Department, April 10, 1964.

*Richard C. Mitchell* for appellant.

*John R. Murray, District Attorney* (*Thomas A. McCarthy* of counsel), for respondent.

GOLDMAN, J. Defendant attacks a 1939 judgment of conviction for burglary, third, and petit larceny. He pleaded guilty under circumstances which require that he be returned to the County Court for resentence and that he be given an opportunity to withdraw his plea, if he should desire to do so.

The record indicates that when arraigned, the defendant was assigned counsel and entered a plea of not guilty to the indictment which charged him with having committed a burglary from which he secured $2. He appeared a week later without counsel, withdrew his plea of not guilty and pleaded guilty to the indictment. The Clerk's minutes show that at that time the defendant was 16 years of age and had only a third grade education. He was sentenced " to the New York Vocational Institution at West Coxsackie, New York, to be there confined according to the rules governing that institution." There are no other documents in the record or submitted by the County Clerk and the District Attorney, although search has been made for them. There is before the court a letter, from the Superintendent of the West Coxsackie Institution, dated April 6, 1942, which is in response to an inquiry by the District Attorney of Oswego County, indicating that upon admission to West Coxsackie it was learned that the defendant was feeble-minded and that he was therefore returned to the committing court (Oswego County Ct.) " pursuant to sections 337 and 279 of the Correction Law July 14, 1939."

In the hearing upon this *coram nobis* the defendant testified, without contradiction, that two months after he was admitted to West Coxsackie he was returned to Oswego County Court and was resentenced to the New York Institution for Mental Defectives at Napanoch. He was without counsel upon that

resentence. The procedure apparently followed in his resentencing, attempted to conform, except for the failure to assign counsel, to the requirements of the Correction Law. Section 337 provides that when it appears to the Superintendent of an institution, such as West Coxsackie, that the defendant is improperly committed, the provisions of section 279 shall have effect. Therefore, when the examination given the defendant upon his admission to West Coxsackie indicated that he was a mental defective, he was, under the provisions of section 279 as provided in 1939, properly returned to Oswego County Court '' to be resentenced by such court for the offense for which he or she was committed to any such reformatory, and to be dealt with in all respects as though he or she had not been so committed.''

When the defendant appeared before the Oswego County Court to be resentenced, the court then knew that it had before it a mental defective, 16 years of age, with a third grade education who was not represented by an attorney. Resentencing under these circumstances, as was done, is clearly wrong and must not be permitted to stand.

The District Attorney urges, and the defendant's testimony upon the *coram nobis* hearing substantiates, that at the time he first appeared without counsel and was sentenced to West Coxsackie defendant stated that he did not want counsel. Regardless of the defendant's waiver at that time, this circumstance could in no way affect his resentencing two months later.

It requires little citation of authority to support the principle laid down in *Carter* v. *Illinois* (329 U. S. 173, 175) that '' A State must give one whom it deprives of his freedom the opportunity to open an inquiry into the intrinsic fairness of a criminal process even though it appears proper on the surface. *Mooney* v. *Holohan*, 294 U. S. 103 ''. In *Carter* the record demonstrates he was offered counsel and refused. At page 177 the court said: '' This case is quite different from a case like *Rice* v. *Olson*, 324 U. S. 786. In that case the record properly before this Court contained specific allegations bearing on the disabilities of the defendant to stand prosecution without the aid of counsel. * * * This, then, is not a case in which intelligent waiver of counsel is a tenuous inference from the mere fact of a plea of guilty.''

In *Williams* v. *Kaiser* (323 U. S. 471, 476) the court said: '' A layman is usually no match for the skilled prosecutor whom he confronts in the court room. He needs the aid of counsel lest he be the victim of overzealous prosecutors, of the law's

complexity, or of his own ignorance or bewilderment.'' While it is true that the constitutional right to counsel does not justify forcing counsel upon the accused who wants none (*Carter* v. *Illinois, supra*), in a case where a defendant has not intelligently and understandably waived the benefits of counsel and where the circumstances show that his rights could not be fairly protected without an attorney, the right to counsel becomes of such critical concern as to be an element of due process and a finding of waiver under these circumstances is not to be lightly made (*Johnson* v. *Zerbst*, 304 U. S. 458; *Moore* v. *Michigan*, 355 U. S. 155).

The opinion of the Court of Appeals for the District of Columbia in *Williams* v. *Huff* (146 F. 2d 867, 868) appears to us to be controlling in this appeal. The court said: '' At the hearing below on whether the right of counsel was intelligently waived appellant was the sole witness. He testified that he did not know that he was entitled to assigned counsel.  *  *  * If this were the only issue of fact the judgment of the court below would be sustained. However, there is another issue in the case, i.e., whether the waiver which appears of record was made intelligently.  *  *  * But in this case the fact that appellant was seventeen years old at the time of his plea corroborates his testimony. It creates an inference of fact that his waiver was not intelligent. Such an inference would be rebutted if the record showed that he was examined at the time of his plea on the question of his intelligent capacity to waive his constitutional right to counsel. Such a precaution is always advisable where the accused who waives his right to counsel is a minor. In the absence of such a record it is incumbent upon the government to show some other facts which rebut the inference *arising from the age of the accused*. No such facts appear in the record.'' (Emphasis ours.)

The most often-cited authority in New York on this question is *Matter of Bojinoff* v. *People* (299 N. Y. 145). Judge Dye said (pp. 151–152): '' It is also well established that waiver of such statutory and constitutional rights is occasioned only when the accused acts understandingly, competently and intelligently (*Rice* v. *Olson*, 324 U. S. 786), the valuation of the competent evidence being for the court (*Hawk* v. *Olson*, 326 U. S. 271).''

The Supreme Court of the United States, December 2, 1963 (*Berry* v. *New York*, 375 U. S. 160), definitely established the principle that when a defendant appears for resentencing he has a constitutional right to counsel. That court asserted that *Gideon* v. *Wainwright* (372 U. S. 335) confirmed the right of

a defendant to counsel at all stages of the proceedings in all criminal trials and not just in capital offense cases.

The procedure to be followed in this case is set forth in *People ex rel. Vischi* v. *Martin* (8 N Y 2d 63) which presents a fact situation very similar to the case at bar. At pages 66 to 67 Judge FULD pointed out the manner in which we should proceed: "The relator is not, however, entitled — at any rate, at this point — to a complete vacatur of his first conviction. Only after he has been remanded for resentencing will he be in a postion to demonstrate, if he can, that judgment should not have been pronounced against him and that the conviction should be set aside. However, until and unless that conviction is vacated, the relator's second felony offender sentence stands. (See *People ex rel. La Shombe* v. *Jackson,* 7 N Y 2d 345, *supra*; *People ex rel. Emanuel* v. *McMann,* 7 N Y 2d 342, *supra*.) ' * * * nevertheless, until the prior conviction is vacated, this prior adjudication may properly be considered under section 1941 of the Penal Law in sentencing relator as a second offender '."

The proper procedure to be followed here is to return the defendant to the Oswego County Court for resentence. At that time he should, of course, be represented by counsel, either assigned or otherwise, and may, if so advised, be given the opportunity to withdraw his plea of guilty. His status as a multiple felony offender as to the alleged 1939 crime can then be properly determined.

BASTOW, J. P., HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Order unanimously reversed, sentence vacated, and defendant remanded to Oswego County Court for resentence in accordance with the opinion.