402 P.2d 29

**STATE of Arizona, Appellee,**

v.

**'Clyde S. TANNAHILL, Appellant.***

**No. 2 CA–CR 3.**

Court of Appeals of Arizona.

May 19, 1965.

Rehearing Denied June 30, 1965.

Robert W. Pickrell, former Atty. Gen., Darrell F. Smith, Atty. Gen., Norman E. Green, County Atty. of Pima County, John L. Augustine, Deputy County Atty. of Pima County, for appellee.

John R. McDonald, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant, Clyde Tannahill, was tried October 14, 1963, before a jury on two counts—incest and attempted incest. The jury returned a verdict of guilty as to each count. A motion for a new trial was made, and was denied on October 24, 1963. The defendant was sentenced to not less than six nor more than ten years on count one, and not less than three nor more than five years on count two, to run consecutively.

Briefly, the facts are that defendant Tannahill was charged with incest and attempted incest with his two daughters. After being arrested and informed that he was booked for incest alleged to have been committed the previous day, defendant requested a polygraph test and was taken from the jail to have the test administered. During the test the defendant became so emotionally upset that the officer administering the test decided that he was not a fit subject to be tested. Defendant was then taken to an interrogation room and a written statement was

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1427. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

taken, which was later introduced into evidence at the trial.

Defendant was advised by the officers that anything he said could be used against him, but he was never advised that he was entitled to an opportunity to consult counsel, although there is evidence that he had retained counsel on the previous evening.

The assignment of error and proposition of law relied upon in this appeal was that the court erred in allowing the defendant's confession (or statement) to be admitted into evidence, where he was not given the opportunity to consult his attorney before signing this statement.

To support the assignment of error, appellant cites Escobedo v. State of Illinois (1964), 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, which is not factually in point. However, closer in point is the case of State v. Gallagher (1964), 97 Ariz. 1, 396 P.2d 241, which holds that admissions obtained after defendant has been indicted and without the presence of counsel are not admissible as a matter of law. We are not extending this doctrine to pre-information, unless the fact situation were such as to fall squarely within Escobedo v. State of Illinois, supra.

The accusations in this case before us are revolting, but we cannot disregard the express and definite holdings of the United States Supreme Court and our own Supreme Court. This writer deplores the fact that crime is on the increase and that our courts may be tending to give the persons accused of crime more protection than is necessary. However, many prosecutors and peace officers go further than necessary to secure convictions and violate the constitutional rights and privileges of defendants accused of crime to obtain confessions or admissions. In many cases it is unnecessary to secure a confession. We do not believe that the courts are curbing peace officers; they are only curbing unconstitutional practices and methods and we think that confessions and admissions

against interest would be obtained in most cases without resorting to such methods.

■ Justice McFarland, in a most recent opinion, in the case of State v. Miranda, 98 Ariz. 18, 401 P.2d 721, decided April 22, 1965, in a most scholarly opinion, wrote on the admissibility of a statement made where the defendant did not have an attorney at the time he signed the statement. It is our holding that, in the case before us, there was no error in the failure to advise the defendant that he was entitled to consult his attorney before signing the confession unless he specifically requested his attorney to assist him. The record reveals no request for his counsel. We have examined the circumstances surrounding the taking of the statement, and we cannot say that the defendant was deprived of his constitutional rights by virtue of the fact that counsel was not present.

■ On appeal from a conviction this Court must examine the entire record to determine whether it discloses fundamental error. State v. Burrell (1964), 96 Ariz. 233, 393 P.2d 921; A.R.S. § 13–1715. While not directly raised by the appellant, we find that the court did not comply with the present law of this State governing the submission of the confession into evidence. After examination of the witness Rhor, in the absence of the jury, the court said: "We will let the issue of voluntariness go to the jury * * *". This is contrary to the holding in Jackson v. Denno (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, as interpreted by our Supreme Court in State v. Owen (1964), 96 Ariz. 274, 394 P.2d 206; State v. Costello (1965), 97 Ariz. 220, 399 P.2d 119; State v. Ortiz (1965), 97 Ariz. 228, 399 P.2d 171. In these Arizona cases, the matter has been remanded by our Supreme Court for a new trial and not just a hearing as to the voluntary aspect.

However, in State v. Simoneau, 98 Ariz. 2, 401 P.2d 404, decided May 6,

1965, the Court, per Vice Chief Justice Struckmeyer, holds that the question of voluntariness could go back for a hearing following the dicta in Jackson v. Denno, supra, rather than for a new trial as in State v. Owen, supra, and the other cases cited above.

The trial judge correctly followed the procedure laid down to the time of trial, hearing evidence outside the presence of the jury, as to whether the confession or admission was voluntary and then submitted to the jury, as an issue of fact, under appropriate instructions, the voluntariness of the confession. Following the ruling in State v. Simoneau, supra, we hold that justice will be done if the defendant is brought back to the Superior Court of Pima County and a judge thereof holds a hearing as to the voluntariness of the confession or admission as soon as practical. If the trial court finds the confession or admission was voluntary and so rules, it will notify this Court by causing a certified copy of its minute entry to be transmitted to the clerk of this Court. If no objection to the ruling is presented to this Court within fifteen (15) days an order will be entered affirming the convictions for the reason that the purported confession or admission was purely cumulative and could not have influenced the verdict of the jury. If the court below finds the confession or admission was involuntary, it is directed to enter an order granting defendant a new trial on both counts.

It is so ordered.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge John F. Molloy having requested that he be relieved from consideration of this matter, Judge Jack G. Marks was called to sit in his stead and participate in the determination of this decision.