403 P.2d 1

**Application of Edward ESTRADA for a Writ of Habeas Corpus.**

**No. 2 CA–HC 3.**

Court of Appeals of Arizona.

June 16, 1965.

Marvin S. Cohen, Tucson, for petitioner.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for respondent.

KRUCKER, Chief Judge.

Edward Estrada has petitioned this Court for a Writ of Habeas Corpus. Briefly, the facts are as follows:

The petitioner, while an inmate of the State Industrial School at Fort Grant, on or about the 17th of February, 1964, escaped from the School and was taken into custody shortly thereafter. On March 3, 1964, a warrant was issued alleging the charge of kidnapping, two counts, and aggravated assault and battery. A criminal complaint was issued the same date by the Justice of the Peace, Safford Precinct #1, Graham County, Arizona, and on the same date an order was signed by the Judge of the Superior Court ordering that defendant be treated in all respects as if he were over the age of eighteen years.

On March 9, 1964, an order was entered by the Justice of the Peace holding the defendant to answer to the Superior Court of Graham County, Arizona. The record does

not disclose if a preliminary hearing was waived, but none was held. On March 16, 1964, an information charging the defendant with kidnapping and aggravated assault and battery was filed, and on the same date the defendant was arraigned, without counsel. The minute entry of the trial court discloses that petitioner waived the services of an attorney and entered a plea of guilty to count 1 (kidnapping) violation of A.R.S. 13-491 and count 3 (aggravated assault and battery) violation of A.R.S. 13-245.

Sentencing was continued until March 23, 1964, and on that date petitioner was sentenced to a term of not less than eight years nor more than ten years on count 1, and to a term of not less than four nor more than five years on count 3, the sentences to run concurrently.

At no time during any of the proceedings was petitioner represented by counsel, although he had been advised of his right to counsel and had waived counsel.

Petitioner was born December 9, 1949, and at the time of the alleged acts petitioner was of the age of 14 years and would not become 15 years of age until December 9, 1964.

The question at issue before this Court is whether petitioner made or could make a valid waiver of right to counsel in the criminal proceedings against him. Evidence introduced at the hearing before this Court discloses that petitioner has an educational level of a fourth grade student. These was some dispute as to whether petitioner clearly understood the meaning of the word "counsel" or "attorney".

■ As to the right to have counsel there is no question. State v. Anderson (1964), 96 Ariz. 123, 392 P.2d 784. In the Anderson case the court states:

" * * * The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. * * * "

Also see Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799, where it is stated that the Sixth Amendment to the Federal Constitution providing that in all criminal prosecutions the accused shall enjoy the right to assistance of counsel for his defense is made obligatory on the states by the Fourteenth Amendment, and an indigent defendant in a criminal prosecution in a state court has a right to have counsel appointed for him.

■ Concerning the question as to whether there was an intelligent waiver or if petitioner under the circumstances of the particular case was capable of making a waiver of the rights fixed by the Constitution, the factors to be considered are many and depend upon the circumstances of each case. Some of these factors are age, education, literacy, prior court experience, financial condition, mental state, inducements, haste of proceedings, absence of relatives, seriousness and complexity of the charge, knowledge of legal procedure, etc. See 71 A.L.R.2d 1160.

■ As previously stated, each case must be considered on the circumstances of that case. It has been held that where there is a youth of the age of 16 or 17 there is indicated an inference of incapacity to waive counsel which is raised by the mere age of the accused and that there could not be an intelligent and knowledgeable waiver of counsel and that the burden shifts to the State to overcome this inference. Willey v. Hudspeth (1947), 162 Kan. 516, 178 P.2d 246; Williams v. Huff (1945),

79 U.S.App.D.C. 326, 146 F.2d 867; Moore v. State of Michigan (1957), 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167. This Court does not hold that counsel cannot be waived by a minor in a given situation and that a Writ of Habeas Corpus should issue as a matter of right.

In the case before us there are several elements which would indicate that petitioner was incapable of an intelligent waiver of counsel. To name a few, extreme youth—14 years of age; low level of education and literacy; absence of relatives or friends; seriousness and complexity of the charge; and haste in the proceedings.

We, therefore, hold that the petitioner in this particular case did not make an intelligent waiver and the court should have appointed counsel to represent the petitioner in all proceedings.

It is, therefore, ordered that the application for a Writ of Habeas Corpus is granted and that the Writ issue and that the Arizona State Prison and Frank Eyman, Warden thereof, deliver the defendant to the Sheriff of Graham County, Arizona, for further proceedings in the Superior Court of Graham County, Arizona, in accordance with this holding.

HATHAWAY, J., and RICHARD N. ROYLSTON, Superior Court Judge, concurring.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge RICHARD N. ROYLSTON was called to sit in his stead and participate in the determination of this decision.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8051. The matter was referred