414 P.2d 172

**STATE of Arizona, Appellee,**
**v.**
**Mark A. HERMAN, Appellant.**
**No. I CA–CR 70.**

Court of Appeals of Arizona.
May 16, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

**324**

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Judge.

This is an appeal from a jury verdict and judgment of guilt to the crime of second degree burglary. Defendant was sentenced to serve a term of not less than three nor more than five years in the Arizona State Prison, and prosecuted this appeal in propria persona. The Public Defender of Maricopa County was appointed to represent the defendant on appeal.

We are called upon to determine whether or not the court properly ruled in submitting to the jury the question of voluntariness of statements made by the defendant to two police officers, and also the effect of the interrogation of the defendant by two police officers at the time defendant was represented by counsel.

The facts as are necessary for a determination of this matter on appeal are as follows: The defendant was arrested on 19 November, 1964, for the instant crime and was questioned on that day by the two police officers. His attorney was present on the same day (19 November, 1964) in the Justice Court when bond and the date of the preliminary examination were set by the Justice Court. He remained in custody in lieu of posting bond. On or about 22 November, 1964, the defendant was tried on another criminal charge which resulted in a deadlocked jury. A new trial was pending in that matter. On 24 November, 1964, the defendant was taken from the County Jail to the Police Detective Bureau wherein he was again interrogated, and then made certain statements and admissions concerning the burglary in the instant case. The defendant was 18 years of age at the time.

As a result of this conversation with defendant, the police officers together with the defendant went to defendant's house and picked up certain items that had been taken in the burglary. There is controversy between the two officers and the defendant as to what was said, what inducements were made, if any, and whether or not the defendant has been informed of his rights prior to the interrogation. It is the testimony of one police officer that the defendant asked to talk with the two city police officers and waived his right to counsel.

■ At the end of the examination outside of the presence of the jury, the defendant moved that the two witnesses not be permitted to testify as to the conversation they had with the defendant in the Detective Bureau. The court replied:

"The Court: Well, it seems to me the matter that has been raised, Mr. _____, has been a question of fact. The officers have unequivocally said 'no', the defendant has said 'yes', I am going to leave it to the jury to decide. I don't think I should, there being these differences, the statements by the witness, so the witness will be allowed to testify concerning this. Do you intend to call just one or both?

"Mr. Mignella: Well, Your Honor, will the record show that the Judge, Your Honor, has decided this was voluntarily made?

"The Court: Insofar as I am concerned, it is voluntary enough to go to the jury on the question of voluntariness, yes."

The brief of the appellee, filed by the Attorney General, in regard to the hearing held outside the jury to determine the voluntariness of appellant's statements admits that "the court below did not deem it his duty to resolve the fact question on voluntariness prior to allowing the statement to be introduced to the jury." Our Supreme Court has indicated the procedure to be followed in Arizona:

"The trial judge's statement that it was for the jury to determine the question of voluntariness of a statement or confession, does not correctly state the law as enunciated in Jackson. We hold, in accord with Jackson, that in Arizona when a question is raised as to voluntariness of a statement constituting either admis-

sions against interest, exculpatory or otherwise, or a confession, it must be resolved by the judge outside the presence of the jury. If he determines it was involuntary, it will not be admitted. If he determines it was voluntary, it may be admitted. Evidence tending to contradict the voluntary nature of the statement or confession may be admitted, and the jury may, as under the Massachusetts rule, then in effect disagree with the judge, and reject the confession." State v. Owen, 96 Ariz. 274, 276, 277, 394 P.2d 206, 208 (1964).

The law is well settled that before a confession or admission against interest, exculpatory or otherwise, may be considered by the jury in a criminal cause, the trial court must affirmatively find the statement was voluntarily made before the matter may be admitted for further consideration by the jury. State v. Cobb, 2 Ariz.App. 71, 406 P. 2d 421 (1965), State v. Tannahill, 1 Ariz. App. 281, 402 P.2d 29 (1965), Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, 1 A.L.R.3d 1205 (1964).

We will next consider the question of the statements made by the defendant to the police officers during a period of time when the defendant was represented by counsel. The Reporter's Transcript makes it clear that the officers knew defendant was represented by an attorney. On cross-examination of Officer Seattle before the jury, the following transpired:

"Question: Well, you knew he had a lawyer. You knew you were going to try and get admissions out of him. Why didn't you send for his lawyer?

"Answer: He was advised he had a right to an attorney.

"Question: What?

"Answer: He was advised he had a right to consult his attorney. He did not wish to consult his attorney.

"Question: He was eighteen years old at that time, wasn't he?

"Answer: Yes, sir."

And the testimony of the other officer (Chapman) before the court:

"Question: How come you to take him over there?

"Answer: Well, we were continuing our investigation.

"Question: Well, you went and got him didn't you?

"Answer: Yes, sir.

"Question: And you told him you wanted to ask him some more questions, right?

"Answer: Yes, sir.

"Question: So you just took him with you?

"Answer: Yes, sir.

"Question: Now, you knew that he had a lawyer, didn't you?

"Answer: Yes, sir."

*    *    *    *    *    *

"Question: I say, nobody ever, neither you nor Seattle, ever contacted me and advised me to come over, that you were going to interrogate the boy further?

"Answer: No, sir."

Concerning the admissibility of statements obtained by the officers from the defendant outside the presence of defendant's attorney during a time when the defendant was represented by counsel, it should be remembered that in the instant case, we are not concerned with the waiver by the defendant of the right to obtain the assistance of counsel, but with waiver of the assistance and advice of counsel who was at the time representing the defendant.

In 90 A.L.R.2d 732, there is a discussion of cases relating to admissibility of statements and confessions as affected by the absence of counsel. A number of New York cases are cited concerning statements made after indictment wherein the New York courts have ruled the statements inadmissible if made in the absence of coun-

sel. In a concurring opinion, Fuld, Justice, stated what appears to be the rule in New York:

"The defendant had a right to the effective aid and assistance of the attorney who represented him. The fact that his attorney surrendered him for such arraignment in court could not possibly be regarded as a consent or invitation to secret interrogation by police or prosecutor or a waiver of fundamental rights. It matters not, therefore, that the defendant did not object to being questioned or insist on the presence of his lawyer. The damaging statements made by the defendant during the course of his illegal interrogation by the police and District Attorney should not have been received in evidence." People v. Di Biasi, 7 N.Y.2d 544, 552, 200 N.Y.S.2d 21, 26, 166 N.E.2d 825, 829 (1960).

In a recent Virginia case holding that each case must be judged on its own particular facts, the court stated:

"Counsel for defendant stated at the bar of this court and in his brief that he represented Cooper at the preliminary hearing and during the grand jury proceedings; that he was not present when the tape recording was made and had no knowledge that it was to be made; that he was not present when his client, Cooper, was taken from jail after he was indicted and questioned by Mundy relative to the contents of the tape recording, and that he was not notified that such examination would take place. The record does not contradict these statements of counsel and in some respects it confirms them.

"It is true that Cooper was advised of his rights before he was examined and that no threats or inducements were made to him. It is also true that the record does not show that Cooper asked to consult with counsel, but the fact remains that he was not experienced in criminal procedure, his intellectual endowment was 'at the lower limits of normal', and his ability to function under stress was 'in a

corresponding range.' He had been indicted for a capital offense and was subjected to a lengthy examination by a skillful police investigator who was seeking to obtain an admission or confession. The interrogation was no longer investigatory; it was accusatory. It cannot be successfully denied that the defendant needed the assistance of counsel during this stage of the proceeding." Cooper v. Commonwealth, 205 Va. 883, 140 S.E.2d 688 at 694 (1965).

Although the court discusses statements made after the filing of the information, the rationale of the Arizona Supreme Court in the case of State v. Gallagher, infra, is, we believe, applicable to the instant case:

"We are dealing with two classes of admissions—those obtained by interrogation at the police stations and those obtained at the hospital. As to the latter they are not admissible as a matter of law.

" ' "Any secret interrogation of the defendant, from and after the finding of the indictment, without the protection afforded by the presence of counsel, contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime." * * *' Massiah v. United States, 377 U.S. 201, 205, 84 S.Ct. 1199, 1202, 12 L.Ed.2d 246 (1964)." State v. Gallagher, 97 Ariz. 1, 6, 7, 396 P.2d 241, 244, 245 (1964).

In the instant case, the police officers knew that the defendant was represented by counsel. The defendant had been arrested and defendant's attorney had appeared before the Justice of the Peace to set bond and the date of the preliminary examination. We therefore hold that the statements (and the fruits thereof) obtained from the defendant after arrest and arraignment before the Justice of the Peace and while he was represented by counsel, are inadmissible because said statements were obtained outside the presence of defendant's attorney. To allow interrogation of an accused outside the presence of his attorney is as much a denial of the right

of counsel as the refusal to allow an accused to obtain the services of an attorney. Where, as here, the defendant had an attorney of record from the time of the arraignment in the Justice Court, the defendant may not be questioned outside the presence of counsel without counsel's permission. (See United States v. Drummond, 2 Cir., 354 F.2d 132 [1965]).

Since we rule here that the statements are inadmissible as a matter of law we do not need to consider what is an "intelligent" waiver. (See Application of Estrada, 1 Ariz.App. 348, 403 P.2d 1 [1965], State v. Anderson, 96 Ariz. 123, 329 P.2d 784 [1964]).

■ Since it appears that there may be sufficient admissible evidence from which the matter could be submitted to the jury, though we do not specifically rule on the sufficiency at this time, we feel the matter should be remanded for new trial.

It should be noted that we have considered in this matter the question raised by the fact that when the two police officers questioned the defendant the defendant was represented by an attorney in the instant case. We have not considered the situation, also present here, where the accused has an attorney in another existing case which has proceeded past indictment or information and the officers question the accused outside the presence of counsel about matters other than the one for which the accused is then being tried. Nothing we say herein should indicate our feelings concerning the admissibility or inadmissibility of statements obtained under such circumstances.

Reversed and remanded for new trial.

DONOFRIO, J., concurring.

STEVENS, Chief Judge (concurring specially).

I concur in the result. The majority states "the defendant may not be questioned

outside the presence of counsel without counsel's permission." I am in general agreement but in my opinion there can be exceptions. A defendant can elect to talk with or without his attorney's permission. The question to be resolved is whether the election is freely and intelligently made. If it is, his statements and the fruits thereof would be admissible subject to the proper cautionary instruction to the jury.