**The People of the State of Illinois, Appellee, v. Thomas A. Vesley, Appellant.**

**Gen. No. 51,915.**

First District, Fourth Division.

August 28, 1967.

John L. White and Robert K. Kelty, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial, defendant, Thomas Vesley, was found guilty of criminal damage to property.[1] He was placed on probation for two years and, as a condition of probation, was ordered to serve the first 87 days in the County Jail and to make restitution in the amount of $349.78. Defendant was tried with Joseph Franco, a juvenile, whose case was subsequently transferred to the Juvenile Division of the Circuit Court.

On appeal, defendant contends: (1) The prosecution failed to prove that defendant caused damage to property; (2) the prosecution failed to prove venue; and (3) absence of counsel at the arraignment and at the hearing to determine sentence was a denial of defendant's constitutional right to counsel.

The prosecution adduced evidence that on August 5, 1966, in the vicinity of Marquette Park, during a racial disturbance, complaining witness Galliday was driving west on Marquette Road approaching California Avenue. Rocks and bottles were being thrown at his car. When

---

[1] Ill Rev Stats 1965, c 38, § 21-1(a):

(a) Knowingly damages any property of another without his consent; . . .

Galliday stopped for a line of traffic, defendant, a 24-year-old graduate student, and his companion, Franco, picked up a manhole cover, walked to the driver's side of the car and threw it ten to fifteen feet in the air through the closed left window of the car, striking Galliday on the left shoulder. Defendant's evidence consisted of a denial by both defendant and his codefendant, Franco,[2] of having thrown the manhole cover.

■ Defendant contends that the prosecution failed to prove a necessary element of the crime: that he did damage to property. The prosecution's first two witnesses, the arresting police officers, Hollingsworth and O'Malley, testified that the manhole cover went through the left window. Galliday testified that the window was up. This testimony, if believed by the trial judge, was sufficient to establish damage to property.

Defendant next argues that since there was no evidence as to monetary damages, there was no proper proof of damage to property.

■■ In People v. Kelly, 66 Ill App2d 204, 214 NE 2d 290, where defendant was found guilty of larceny, we construed a penalty provision.[3] This is similar in nature to the penalty provision applicable in the instant case.[4] In Kelly, supra, we held that proof of value is

---

[2] At the conclusion of the trial, it was determined that Franco was a juvenile and his case was transferred to the Juvenile Division of the Circuit Court.

[3] Section 16–1, c 38, Ill Rev Stats (1963):

A person first convicted of theft of property not from the person and not exceeding $150 in value shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. . . . A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years.

[4] Section 21–1, c 38, Ill Rev Stats (1965):

Whoever commits any of the following acts shall be fined not to exceed $500.00 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both or for the commission of any act enumerated in subsection (a) or (f) when

not an element of a crime where the value of the property is only to be considered in assessing the penalty for that crime. Since we have determined in the instant case that there was sufficient evidence to support a finding of guilty for damage to property, we may take judicial notice that a manhole cover thrown through a car window would cause some monetary damage. Since defendant was found guilty of a misdemeanor (damage to property of a value of less than $150), proof of exact monetary damage was not required.

■ Defendant claims that the prosecution failed to prove the county in which the crime occurred and thus failed to establish venue.

Complaining witness Galliday testified that he was driving his car to 2756 West Marquette Road and as he approached California Avenue (2800 West) on West Marquette Road, the incident took place. Sergeant O'Malley testified that he was a member of the Chicago Police Department and that Galliday was driving west on West Marquette Road. Evidence of street name and number and that participating policemen are members of a city's police department is sufficient to establish venue in the county of which that city is a part. People v. Pride, 16 Ill2d 82, 156 NE2d 551; People v. Washington, 81 Ill App2d 90, 225 NE2d 472.

Finally, defendant contends that he was denied his constitutional right to counsel because he was not represented by an attorney at his arraignment and later at the proceeding to determine the sentence.

■ The record shows that defendant was arraigned twice: once before he was assigned counsel, and once after. After the appointment of counsel, defendant was allowed to plead over and was also afforded another opportunity to demand a jury trial. Thus there was no

the damage to property exceeds $150 may be imprisoned in the penitentiary for not more than five years or both fined and imprisoned: . . .

287

denial of the defendant's right to counsel at the arraignment.

The finding of guilty was entered on August 17, 1966. After the finding, the court ordered a "sitting out period" in the House of Correction until August 22. On that date the case was continued to August 24. At that time defendant appeared but his counsel was not present. The judge stated that at the time he had found defendant guilty, he "had grave questions in his mind as to a penalty"; that he had "made arrangements for a Sitting Out Period for six days in the House of Correction"; that he had set bond at $10,000; but that bond had been posted after three days. The judge then asked about the damages to the automobile, and the prosecutor stated: "On a note handed me, it indicates damages of $334.78 to the car." The court then ordered defendant placed on probation for two years, the first 87 days to be served in the County Jail and restitution in the sum of $349.78 ($15 of which represented doctor bills) to be paid to the complaining witness.

██ Certainly the imposition of a sentence in a criminal case is a "critical" stage of the trial. Trimble v. State (Fla App), 170 So2d 452; People v. Amos, 21 App Div2d 80, 249 NYS2d 740; and State v. Strickland, 27 Wis2d 623, 135 NW2d 295. The Illinois Supreme Court has indicated that the right to counsel extends to all "critical" stages of the proceedings. People v. Morris, 30 Ill2d 406, 197 NE2d 433; People v. Bonner, 43 Ill App2d 42, 192 NE2d 568. See also White v. Maryland, 373 US 59, and Hamilton v. Alabama, 368 US 52.

██ In People v. Coffman, 83 Ill App2d 272, 227 NE2d 108, the absence of counsel at a proceeding to revoke probation was held a denial of the defendant's right to counsel. In the instant case the judge made no inquiry about the absence of the Public Defender whom he had appointed to represent the defendant. He sum-

288

marily proceeded with the hearing. While right to counsel may be knowingly and understandingly waived, we find no waiver here. The language of Coffman, supra, is singularly appropriate:

> The record before us fails to show either that the defendant knew of those rights or that he was advised of them or that he knowingly waived them. Indeed it is a paradox in itself to say that you may knowingly and understandingly waive rights of which you have no knowledge.

The judgment of guilty is affirmed. The order admitting defendant to probation is reversed and the cause remanded with directions to hold a hearing on the application for probation and for such other proceedings as may be not inconsistent with this opinion.

Affirmed in part; reversed in part; and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.