**John Wesley GAY, Petitioner,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent.**

**Civ. A. No. 713.**

United States District Court
S. D. Georgia,
Dublin Division.

Nov. 29, 1968.

John Wesley Gay, pro se.

Courtney Wilder Stanton, Savannah, Ga., for defendant.

### ORDER

LAWRENCE, District Judge.

Petitioner is presently incarcerated in Reidsville State Prison for various offenses including burglary, escape, possessing burglary tools, and driving under the influence. Petitioner's convictions and corresponding sentences are so numerous and involved that it is difficult at best to determine exactly which sentence or sentences he is presently serving. The State, in an effort to clarify the status of petitioner's presently existing sentences, has offered into evidence the affidavit of the Record Clerk for the State Board of Corrections. This affidavit is hereby made a part of this order.

Petitioner has limited his attack in this Court to those sentences imposed in the following counties of Georgia where he entered a guilty plea: Laurens, Twiggs, Montgomery, Toombs, Meriweather and Crawford. This Court has given petitioner the benefit of any doubt that might exist as to presently applicable sentences and has assumed that those

which are challenged include *all* the State's present claims upon him.

■ Until recently it was clear that where a prisoner was detained under more than one sentence, he was required to be entitled to relief under Title 28, § 2241 et seq., to attack *all* of the sentences and prove that each is illegal or otherwise void. Brown v. Beto, 5 Cir., 377 F.2d 950. However, following the recent decision in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, a prisoner serving one of several consecutive sentences may attack any or all sentences at any time. This decision has been interpreted to permit attacks upon the longer of concurrent sentences where the prisoner is presently serving a valid shorter sentence which is not challenged or, if challenged, is upheld. Stepp v. Beto, 5 Cir., 398 F.2d 814, Cloud v. Louisiana, 5 Cir., 397 F.2d 252. In this case several shorter sentences are running concurrently with a longer sentence, illegality of the shorter sentences is no requisite for an attack upon the longer.

Petitioner claims with respect to each of the sentences in question that he was either not represented by counsel or that he was inadequately represented and was, therefore, unable to knowingly and understandingly enter a guilty plea in any of the cases against him.

■ A guilty plea, if voluntarily entered, generally serves as a waiver of all non-jurisdictional defects occurring prior to the plea and later raised as grounds for relief in habeas corpus proceedings. Litton v. Beto, 5 Cir., 386 F.2d 820, Busby v. Holman, 5 Cir., 356 F.2d 75. This does not, however, appear to be applicable in the case of lack of counsel where the defendant pleading guilty is unaware of his right to have counsel appointed. Goslin v. Thomas, 5 Cir., 400 F.2d 594. For this reason the Court's inquiry here is directed to the question (1) whether or not petitioner's pleas were voluntarily entered and (2) whether he was either represented by counsel when they were entered or was aware of his right to

representation. Evidence was heard before me on November 15, 1968.

In the instant case the Laurens County sentence of twenty years for burglary is controlling and consideration of petitioner's claims in respect to that will suffice to dispose of all the issues. All of the other sentences attacked by petitioner were imposed after that in Laurens County and are of equal or lesser duration. All of them ran concurrently and begin and end within the period of the Laurens County sentence of September 6, 1967.

At the hearing W. W. Larsen, Jr., Former Solicitor General for the Dublin Judicial Circuit, in which Laurens County lies, testified at length concerning petitioner's Laurens County sentence. Although the plea was entered almost seven years ago Mr. Larsen remembered petitioner well and related the facts surrounding his pleas with impressive detail. The Solicitor testified that he had been particularly interested in the case due to an outbreak of burglaries within the Circuit and that he conferred at length with petitioner on several occasions. Mr. Larsen stated that petitioner was well acquainted with this aspect of criminal law and of his right to be represented by counsel. He testified that petitioner did not want an attorney and that he requested on more than one occasion that he be allowed to enter a guilty plea. The Solicitor also stated that Gay was repeatedly informed of his right to a jury trial and that he insisted on entering a plea of guilty so that he might begin to accrue good time on his sentence. He testified that petitioner was present in open court when his plea was entered.

■ The burden of proof in Habeas Corpus proceedings is upon the petitioner who must establish the truth of his allegations by a preponderance of the evidence. Irving v. Breazeale, 5 Cir., 400 F.2d 231, Humphries v. Green, 6 Cir., 397 F.2d 67. The Court must consider in its context all relevant testimony including that of petitioner and is entitled to consider petitioner's

credibility. Williams v. Huff, 79 U.S. App.D.C. 326, 146 F.2d 867, Widmer v. Johnston, 9 Cir., 136 F.2d 416. In the instant case I find petitioner's credibility to be poor and in light of the abundance of conflicting testimony I hold that petitioner has fallen far short of satisfying the burden of proof.

On the basis of the extensive records and the testimony and depositions I hold that petitioner voluntarily, with knowledge and understanding of the consequences, entered a plea of guilty in Laurens County on November 25, 1961, to the accusation of burglary. Petitioner knowingly waived indictment. The Court also finds that petitioner was informed of his right to counsel and that he waived same with no reservations.

Petitioner is presently confined pursuant to a legal and binding sentence and is entitled to no relief in this Court. It is unnecessary for me to consider the legality of any of the lesser concurrent sentences since such questions are rendered moot by the present finding. The application for Writ of Habeas Corpus is denied.

Petitioner's "Motion to Subpoena Court Records" from Meriweather County filed on the 25th day of November, 1968, is also denied.