Clyde S. **TANNAHILL**, Petitioner-Appellee,

v.

**STATE OF ARIZONA et al., Frank A. Eyman, Warden, Arizona State Penitentiary, Respondent-Appellant.**

**No. 24103.**

United States Court of Appeals, Ninth Circuit.

March 29, 1971.

Carl Waag, Asst. Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellant.

William S. Maillard, Jr. (argued), San Francisco, Cal., for appellee.

Before JERTBERG, MERRILL and WRIGHT, Circuit Judges.

PER CURIAM:

The appellant, Frank A. Eyman, Warden, Arizona State Penitentiary, appeals from an order of the United States District Court for the District of Arizona, granting appellee Clyde S. Tannahill's petition for habeas corpus, which stated that execution of the writ was stayed for a period of one hundred twenty (120) days from date of the order, and ordered that the case be remanded to the jurisdiction of the State of Arizona for a new trial within said period, or until the further order of the court.

The history of prior proceedings in this case in the courts of Arizona may be briefly stated. On October 15, 1963, Tannahill was convicted, after trial to a jury, of the crimes of incest and attempted incest. Tannahill appealed from the judgment of conviction to the Court of Appeals of Arizona on the ground that the confession received in evidence during the trial was involuntary. The Court of Appeals ruled that the trial court had not made a preliminary finding of voluntariness as required in Jackson v. Denno (1964) 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and remanded the case to the trial court with instructions to hold a voluntariness hearing. State of Arizona v. Tannahill, (1965) 1 Ariz.App. 281, 402 P.2d 29. The Supreme Court of Arizona affirmed the Court of Appeals ruling. State of Arizona v. Tannahill (1966), 100 Ariz. 59, 411 P.2d 166.

On remand the trial court found, after a voluntariness hearing, that the confession was voluntary. From this ruling Tannahill again appealed to the Supreme Court of Arizona and the Supreme Court affirmed the trial court's findings. State of Arizona v. Tannahill (1967), 102 Ariz. 356, 429 P.2d 953.

Petition for rehearing was denied, and Tannahill's petition for writ of certiorari was denied by the Supreme Court of the United States. Tannahill v. Arizona (1968), 390 U.S. 909, 88 S.Ct. 833, 19 L.Ed.2d 877.

Tannahill sought relief by filing an application for writ of habeas corpus in the United States District Court for the District of Arizona, claiming that the confession received in evidence in the state trial was involuntary. The District Court ordered Arizona authorities to file a response to the habeas corpus petition together with a complete record of the State Court proceedings, which were filed.

■ After reviewing the material filed, the District Court deemed it necessary to receive additional evidence as to whether Tannahill had the assistance of counsel prior to Tannahill's confession, and as to the circumstances surrounding the obtaining of the confession, and ordered the holding of an evidentiary hearing.

In the circumstances presented, we believe that the District Court had discretionary power to order an evidentiary hearing and we find no abuse of such discretion. See 28 U.S.C. Sec. 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966).

Appellant's remaining contention is that the District Court erred in finding that Tannahill's confession was involuntary.

■ In its opinion and order the District Court summarized and compared testimony which was before the State Court at Tannahill's trial and at the hearing on voluntariness, and the testimony developed at its evidentiary hearing. It pointed out the new testimony developed at the evidentiary hearing which was not available to the State Court. It recognized that the admissibility of Tannahill's confession was to be determined under standards applicable to State criminal prosecutions prior to Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964); and Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), and that its duty required it to examine the entire record and make an independent determination on the issue of voluntariness. Such treatment is required by Davis v. North Carolina, 384 U.S. at 740–741, 86 S.Ct. 1761, at 1764, 16 L.Ed.2d 895 (1966), where the Court stated:

"The review of voluntariness in cases in which the trial was held prior to our decisions in *Escobedo* and *Miranda* is not limited in any manner by these decisions. On the contrary, that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by *Miranda,* is a significant factor in considering the voluntariness of statements later made. This factor has been recognized in several of our prior decisions dealing with standards of voluntariness. (Citations omitted.) * * *."

And at 741–742, 86 S.Ct. at 1764:

"It is our duty in this case, however, as in all of our prior cases dealing with the question whether a confession was involuntarily given, to examine the entire record and make an independent determination of the ultimate issue of voluntariness. (Citations omitted.) * * *."

Following the evidentiary hearing the District Court, in its Opinion and Order granting the writ, stated:

"Under the circumstances of this case as delineated above, in view of the evidence developed before this Court which was not available to the state courts at the time of the respective hearings before those courts, in view of the lack of effective assistance of counsel at the accusative stages of the first state court proceedings, and in view of the entire record, including the mental retardation of the petition-

er in this case, this Court concludes that the confession of petitioner obtained prior to trial was involuntary, and that petitioner lacked the effective assistance of counsel prior to trial, and that petitioner is entitled to a new trial. See Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761."

■ From our review of the record we are satisfied that the underlying findings of fact of the District Court are supported by substantial evidence and we are unable to say that such findings are clearly erroneous. Based upon such findings, we agree with the determination of the District Court that the confession was not voluntary.

The order appealed from is affirmed.

Stevens, Circuit Judge, dissented and filed opinion.