392 P.2d 784

**STATE of Arizona, Appellee,**

**v.**

**William Reed ANDERSON, Appellant.**

No. 1341.

Supreme Court of Arizona.

En Banc.

June 4, 1964.

Rehearing Denied June 23, 1964.

124

Ross Anderson, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., for appellee.

JENNINGS, Justice.

William Reed Anderson. appellant herein,. was informed against for violation of A. R.S. § 13–391, par. 3, a misdemeanor, i. e.,. attempting to assist the escape of a prisoner incarcerated in the Maricopa County jail upon a charge of a felony. Appellant pleaded guilty and was thereafter adjudged guilty and sentenced to serve a term of eighteen (18) months in the Maricopa County jail. From the conviction and sentence, he appeals.

We will direct our attention to the following questions: Was there a constitutional requirement that legal counsel be appointed to represent appellant under the circumstances of this case?; and if so, was such requirement satisfied?

Appellant appeared without counsel at his arraignment in the Superior Court of Maricopa County on February 1st, 1963. The minute entry of that date reflects that the trial court found appellant to be without funds to employ legal counsel. The court advised appellant that the law did not permit the appointment of counsel upon a charge of a misdemeanor. The minute entry then states "defendant then waives the reading of the Information and pleads guilty to the charge, *because of no counsel to represent him.*" (Emphasis ours.)

On the same date appellant stated he probably would be able to obtain counsel if his bond were reduced. The court, treating this request as a motion for reduction of bond, assigned the matter to a special proceeding court, continued the arraignment to February 8th, and allowed appellant to withdraw his plea of guilty. The motion to reduce the bond was heard and denied on February 5th, 1963. On February 8th, appellant withdrew his plea of not guilty and again entered a plea of guilty to the Information. Appellant was not represented by counsel at this time.

The date for sentencing was set for February 15th, 1963. At that time, appellant appeared still in custody and without counsel. The court "interrogated" appellant and thereafter requested Mr. Robert Welliever to counsel with him whereupon the court recessed. The court reconvened and the record shows that Mr. Welliever counseled with appellant, and was thereupon released from any further responsibility in the matter. The sentencing was continued to February 21st.

At the new sentencing time, appellant was present without counsel. The trial court thereupon adjudged him guilty. Thereafter, appellant initiated appeal proceedings and appellate counsel was appointed to represent him. At all proceedings, save the final sentencing, the county attorney was represented.

Was the superior court required by virtue of the due process clause of the Fourteenth Amendment of the United States Constitution to appoint counsel for appellant under the circumstances of this case? To answer this question we must examine the recent decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and the historical background leading up to this landmark case.

Clarence Gideon, an indigent, was charged with a state noncapital felony. He appeared in court without funds and without a lawyer and asked the court to appoint

counsel for him. The court refused this request on the ground that under Florida law the only time the court could appoint counsel to represent a defendant was when that person was charged with a capital offense. Gideon thereupon conducted his own defense. The jury returned a verdict of guilty and a sentence of five years in the state prison was imposed. Later Gideon filed a petition for a writ of habeas corpus in the Florida Supreme Court but was denied all relief.

Upon granting certiorari, the United States Supreme Court specifically requested counsel to discuss in their briefs and oral arguments the following: "Should this Court's holding in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 be reconsidered?" The Court expressly overruled Betts v. Brady and held that the Sixth Amendment's guarantee of counsel was one of those provisions of the Bill of Rights fundamental and essential to a fair trial, made obligatory on the states by the Fourteenth Amendment, and that an indigent defendant in a criminal prosecution in a state court has the right to have counsel appointed for him.

The law in the federal courts prior to Gideon was as follows: The Sixth Amendment to the Federal Constitution expressly provided that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." (Emphasis ours.) In 1938, the Supreme Court, in a case involving a felony charge, ruled that the Sixth Amendment withheld from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he had or waived the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Mr. Justice Black, speaking for the court, stated at p. 462 of 304 U.S., at p. 1022 of 58 S.Ct., at p. 1465 of 82 L.Ed.:

" * * * This (right to counsel) is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. * * * "

Again at pp. 467–468 of 304 U.S., at p. 1024 of 58 S.Ct., at p. 1468 of 82 L.Ed., he said:

" * * * Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. * * * If the accused * * * is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and

sentence depriving him of his life or his liberty. \* \* \* "

The Johnson rule was followed in the cases of Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, rehearing denied 315 U.S. 827, 62 S.Ct. 629, 637, two cases, 86 L.Ed. 1222. Subsequently, Rule 44 of the Federal Rules of Criminal Procedure was enacted to codify the existing law as enunciated in these three cases.[1] The Supreme Court had not, before Gideon, decided whether the Johnson rule was applicable to cases involving a charge of a misdemeanor.

What was the situation in the state courts prior to Gideon? The defendants had to rely upon the due process clause of the Fourteenth Amendment for their constitutional right to assigned counsel.

In the case of Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232, the appellant asked the Court to rule that the due process of law clause of the Fourteenth Amendment required the states to provide criminal indictments by grand jury as was required in federal courts pursuant to the mandate of the Fifth Amendment. The Court held in effect that since no part of the Fifth Amendment could be regarded as superfluous, the term "due process of law" as used in that amendment was not intended to include the institution and procedure of a grand jury in any case; and that the same phrase, employed in the Fourteenth Amendment was to be interpreted as having been used in the same sense and with no greater extent; and that if it had been the purpose of that Amendment to perpetuate the institution of the grand jury in the states, it would have embodied, as did the Fifth Amendment, an express declaration to that effect.

One could make this same argument with respect to the incorporation of the Sixth Amendment's right to counsel into the due process clause of the Fourteenth Amendment. The extreme Hurtado rule, however, has been relaxed in later cases.[2]

---

1. "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceedings unless he elects to proceed without counsel or is able to obtain counsel."
2. E. g., Gitlow v. New York, 268 U.S. 652, 666, 45 S.Ct. 625, 629, 69 L.Ed. 1138 (speech and press) ; Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (religion); De Jonge v. Oregon, 299 U.S. 353, 364, 57 S.Ct. 255, 259, 81 L.Ed. 278 (assembly); Shelton v. Tucker, 364 U.S. 479, 486, 488, 81 S.Ct. 247, 251, 252, 5 L.Ed.2d 231 (association); Chicago, B. & Q. R. Co. v. City of Chicago, 166 U.S. 226, 235–241, 17 S.Ct. 581, 584–586, 41 L.Ed. 979 (taking of private property for public use without just compensation); Mapp v. Ohio, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (unreasonable searches and seizures); Robinson v. California, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (cruel and unusual punishment).

The Court, in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932) had before it the question whether, under the circumstances of that case, the defendants were denied the right of counsel, and if so, whether such denial infringed the due process clause of the Fourteenth Amendment. The Court noted the Hurtado rule but cited cases which laid down exceptions thereto. They said in effect that the Hurtado rule was an aid to construction and in some instances would be conclusive, but that it had to yield to more compelling considerations whenever such considerations existed. The Court went on to say at pp. 67, 68 of 287 U.S., at p. 63 of 53 S.Ct., at pp. 169 and 170 of 77 L.Ed.:

"* * * The fact that the right involved is of such a character that it cannot be denied without violating those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions' (citing case) is obviously one of those compelling considerations which must prevail in determining whether it is embraced within the due process clause of the Fourteenth Amendment, although it be specifically dealt with in another part of the Federal Constitution. * * * While the question has never been categorically determined by this court, a consideration of the nature of the right and a review of the expressions of this and other courts makes it clear that *the right to the aid of counsel is of this fundamental character.*" (Emphasis ours.)

The Court held that in a state capital case, where the defendant was unable to employ counsel, and was incapable adequately of making his own defense because of ignorance, feeblemindedness, illiteracy or the like, it was the duty of the court, whether requested or not, to assign counsel as a necessary requisite of due process of law; and that such duty was not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case.

Although the Court restricted its holding to the facts involved, nevertheless, as Mr. Justice Clark pointed out in his concurring opinion in Gideon,[3] the law evolved thereafter so that in all state capital cases the accused had the right to assigned counsel by virtue of the Fourteenth Amendment.

In 1942 the Court had before it the case of Betts v. Brady, supra.[4] Betts was an indigent indicted for a non-capital felony. His request for legal assistance was denied

3. 372 U.S. 335, 347, 349, 83 S.Ct. 792, 798, 799, 9 L.Ed.2d 799, 807, 808.

4. Betts v. Brady was decided after the Johnson, Walker and Glasser cases referred to supra.

on the ground that such assistance was available only to those accused of committing a capital felony. Such denial was approved by the State supreme court and on certiorari the United States Supreme Court affirmed. The question which the Court had to decide was: Whether due process of law demands that in every criminal case, whatever the circumstances, a state must furnish counsel to an indigent defendant. Is the furnishing of counsel in all cases whatever dictated by natural, inherent, and fundamental principles of fairness?

After reviewing many authorities, the Court concluded that appointment of counsel was not a fundamental right, essential to a fair trial but that on the contrary, the matter had generally been deemed one of legislative policy. The Court further stated at p. 471 of 316 U.S., at p. 1261 of 62 S.Ct., at pp. 1606, 1607 of 86 L.Ed.:

"In the light of this evidence we are unable to say that the concept of due process incorporated in the Fourteenth Amendment obligates the states, whatever may be their own views, to furnish counsel in every such case. Every court has power, if it deems proper, to appoint counsel where that course seems to be required in the interest of fairness."

The Court, rather than extend the Powell rule, adopted the "ad hoc" approach:

"* * * Asserted denial (of due process) is to be tested by an appraisal of the totality of facts in a given case. That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in the light of other considerations, fall short of such denial." p. 462 of 316 U.S., p. 1256 of 62 S.Ct., p. 1602 of 86 L.Ed.

The majority feared that if the rule as asserted were made obligatory upon the states, it would impose a requirement without distinction between criminal charges of different magnitude or in respect of courts of varying jurisdiction. They quoted Hon. Carroll T. Bond, Chief Judge of the Court of Appeals of Maryland, to the effect that:

"'Charges of small crimes tried before justices of the peace and capital charges tried in the higher courts would equally require the appointment of counsel. Presumably it would be argued that trials in the Traffic Court would require it.'" p. 473 of 316 U.S., p. 1261 of 62 S.Ct., p. 1607 of 86 L.Ed.

The Court concluded by saying:

"* * * while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, we cannot say that the amendment embodies an inexorable command

that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel." p. 473 of 316 U.S., p. 1262 of 62 S.Ct., p. 1607 of 86 L.Ed.

Mr. Justice Black wrote a vigorous dissent[5] wherein he stated "I believe that the Fourteenth Amendment made the sixth [Amendment] applicable to the states."

Then the landmark Gideon decision was handed down in 1963. The Court in that case stated at p. 342, of 372 U.S., at p. 795 of 83 S.Ct., at p. 804 of 9 L.Ed.2d:

"We accept Betts v. Brady's assumption, based as it was on our prior cases, that a provision of the Bill of Rights which is 'fundamental and essential to a fair trial' is made obligatory upon the States by the Fourteenth Amendment. *We think the Court in Betts was wrong, however, in concluding that the Sixth Amendment's guarantee of counsel is not one of these fundamental rights.*" (Emphasis ours.)

At pp. 343, 344, 345 of 372 U.S., at pp. 796, 797 of 83 S.Ct., at pp. 805, 806 of 9 L.Ed.2d, the Court further stated:

" * * * The fact is that in deciding as it did—that 'appointment of counsel is not a fundamental right, essential to a fair trial'—*the Court in Betts v.*

*Brady made an abrupt break with its own well-considered precedents.* * * The Court in Betts v. Brady departed from the sound wisdom upon which the Court's holding in Powell v. Alabama rested." (Emphasis ours.)

■ In view of the foregoing, there is no question in our minds but that the Sixth Amendment's guarantee of right to counsel is carried full sweep to the states by the due process clause of the Fourteenth Amendment.

Rule 163 of the Arizona Rules of Criminal Procedure, 17 A.R.S. provides that the trial court shall assign counsel to represent indigents accused of a felony. Does Gideon require that counsel be appointed to represent appellant under the circumstances of this case? We think so.

In Patterson v. State, 227 Md. 194, 175 A.2d 746, the defendant was convicted upon misdemeanor counts having a maximum potential penalty of one thousand dollars fine or two years imprisonment. The lower court refused to appoint counsel on the ground that the charges involved were not "serious" within the statutory definition and the State Supreme Court affirmed this refusal. On certiorari, Patterson v. Warden, Maryland Penitentiary, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137, the judgment was vacated and the case remanded for

5. 316 U.S. 455, 474, 62 S.Ct. 1252, 1262, 86 L.Ed. 1595, 1607, 1608. Mr. Justice

Douglas, also of the Gideon court, joined in this dissent.

further consideration in light of Gideon. Upon remand the judgment of conviction was reversed and the case sent to the Criminal Court of Baltimore for a new trial and further proceedings in conformity with Gideon. Patterson v. State, 231 Md. 509, 191 A.2d 237.

In view of the Patterson cases, we believe that Gideon requires state courts to appoint counsel for indigents accused of a misdemeanor which falls in the category of a "serious offense" and we so hold. The superior court must determine whether the misdemeanor charged is a "serious offense" under the particular circumstances. Some of the factors to be considered in making this determination are the nature of the offense, the extent of the potential penalty, and the complexity of the case. The fact that the maximum potential penalty in the instant case is a fine not exceeding one thousand dollars and imprisonment in the county jail for not to exceed two years is sufficient to warrant placing this crime in the "serious" category. Patterson v. Warden, Maryland Penitentiary supra.

Was the constitutional requirement satisfied under the circumstances? Appellee contends that appellant voluntarily pleaded guilty, thereby waiving the assistance of counsel; that notwithstanding this, the requirement of right to counsel was satisfied by the brief consultation appellant had with Mr. Welliever at the time of sentencing. These contentions are without merit.

The courts indulge every reasonable presumption against waiver of fundamental constitutional rights, and we do not presume acquiescence in the loss of fundamental rights. Johnson v. Zerbst, supra. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. Johnson v. Zerbst, supra.

In the instant case there definitely was no intelligent waiver. Appellant was told he could not have counsel appointed to represent him whereupon he pleaded guilty "because of no counsel to represent him." Thereafter appellant attempted to acquire counsel via the bond reduction route but his motion to reduce the bond being denied, he again entered a plea of guilty. The trial court *denied* appellant his constitutional right to appointed counsel.

In answer to appellee's contention that the constitutional requirement was satisfied by the brief consultation with Welliever at the sentencing time, we hold that the constitutional requirement of right to counsel must be satisfied at least at the

arraignment stage. We need not now decide whether the requirement must be satisfied at an earlier stage in the proceedings.

 Our reasons for this holding are the following: The accused must make his plea at arraignment. 17 A.R.S. R.Crim. Proc. 160. The importance of counsel at the pleading stage is indicated by the statement of the court in Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633, 637:

"It is * * * important to an accused, in determining in what manner he may properly meet a charge and before a decision as to the nature of his plea, to have the advice of counsel concerning, for example, the sufficiency of the indictment, the possible existence of a defense or bar under facts known to the accused but the legal import of which he may not know, the nature of the penalty provided for the offense charged, and the probable extent to which it will be imposed, under the facts involved, in the event of a plea of guilty."

The effect of a plea of guilty is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts. State v. Buckmaster, 94 Ariz. 314, 383 P.2d 869. Furthermore, a plea of guilty may not be withdrawn except in the discretion of the trial judge and his discretion will not be overridden unless there is a clear abuse thereof. State v. Wilson, 95 Ariz. 372, 390 P.2d 903, No. 1331. The arraignment is a critical stage of the proceedings in Arizona and a denial of counsel here will be considered a deprivation of a constitutional right. Accord, Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

Since we are reversing this cause we deem it unnecessary to discuss the other assignments of error.

Judgment reversed and cause remanded for proceedings not inconsistent herewith.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.