459 P;2d 313

**Larry E. BURRAGE and James Boyd Myrtle, Petitioners (Defendants),**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MOHAVE, and Honorable Frank X. Gordon, Jr., Judge thereof, and the State of Arizona, COUNTY ATTORNEY OF MOHAVE COUNTY, Arizona, real Party in Interest, Respondents (Plaintiff).**

No. 9594.

Supreme Court of Arizona.

In Banc.

Oct. 6, 1969.

**54**

William Clark Kennedy, Kingman, for petitioners.

Leonard C. Langford, Mohave County Atty., Kingman, for respondents.

UDALL, Chief Justice:

On April 8, 1969 we granted a writ of mandamus in this action and indicated that our written opinion would follow.

Defendants, each of whom was 19 years of age and indigent, were arrested and charged with unlawful possession of "dangerous drugs" in violation of A.R.S. § 32–1964, subsec. A, par. 5. The exact name of the drug was not specified but oral argument before us disclosed that it was Thorazine—a tranquilizer. They pleaded guilty before a justice of the peace and each received a sentence of five months at hard labor.

On appeal to the Superior Court of Mohave County, Judge Frank X. Gordon held a hearing prior to trial, at which he stated that the maximum punishment for the crime charged is five months in jail, a $300 fine, or both; that under State v. Anderson, 96 Ariz. 123, 392 P.2d 784, the right to court-appointed counsel for indigent defendants is limited to felonies and "serious misdemeanors"; that whether a misdemeanor is "serious" depends upon the potential penalty, the nature of the offense, and the complexity of the case; that the penalty in the instant case is not severe, and the nature of the offense is not such as to entail any great moral stigma, but the defense will be complex; that the criteria of Anderson, supra, are too vague to enable any trial judge to determine which misdemeanors are serious; that in Kingman Precinct alone, in 1968, 450 persons were charged with drunk driving, and another 560 were charged with non-traffic misdemeanors; that if all of those offenses required payment of defense counsel from public funds, the result would be a financial catastrophe for the county; that the request for the appointment of an attorney to be paid from public funds must be denied.

Judge Gordon, however, having some misgivings about the correctness of his decision, appointed counsel to represent defendants solely for the purpose of applying to us for an extraordinary writ. The judge expressed the hope that after hearing the argument for and against the writ, we would spell out in detail how to determine when a misdemeanor is "serious."

■ By ordering the alternative writ to issue, and an attorney to be appointed and paid by the county in the instant case, we have, of course, determined that the charge is "serious" as used in Anderson, supra. We rest our decision solely upon the complexity of the defense. The statute which is the basis of the charges against defendants is part of Title 32, Chapter 18, which on its face purports to regulate the practice of pharmacy. A.R.S. § 32–1965 makes it unlawful for *any person or firm* to be in possession of drugs listed in A.R.S. § 32–1964. It excepts manufacturers, wholesalers, retailers, doctors, dentists, and veterinarians but makes no exception for an ordinary person in possession of a drug after a purchase pursuant to a physician's prescription! The first offense is punishable by fine or imprisonment or both; the second, by revocation of the violator's pharmaceutical license. The list of drugs, possession of which is proscribed, may be added to by a mere notice from the State Board of Pharmacy to its licentiates, with no notice to the public of any kind. In our opinion, there may be complex legal issues

in this case, and a fair trial might be impossible without legal counsel. We also note that there is nothing in the record before us to indicate that defendants' possession of the drug involved more than one pill, or that the drug was not prescribed by their physician.

Petitioners however, argue that the purpose of applying for a writ in this court was to obtain a clarification of State v. Anderson, supra, *as a guide in future actions* and to achieve uniformity of trial court decisions throughout the state. It is contended that the ad hoc approach is unsatisfactory and that it should not be necessary for each misdemeanant to apply to us, in order to obtain assistance of counsel. Such uniformity is highly desirable but very difficult to attain in a field which is presently so fluid and subject to the future pronouncements of the U. S. Supreme Court which is itself using the ad hoc approach.

Some courts have gone to the extreme of holding that every defendant is entitled to counsel regardless of how minor the misdemeanor is. For example, James v. Headley, 410 F.2d 325 (5 Cir. 1969) holds that there are *no exceptions* to this right and that only the *compensation* of court-appointed defense counsel is affected by the seriousness of the crime charged:

> "The constitutional mandate of the Sixth Amendment is without doubt applicable to petty offenses, but * * * adequate representation may be afforded defendants in such cases without the need for providing for *compensation for counsel.* * * * Congress, if it could, never intended to change the petty offender's right to counsel; it merely limited the cases for which compensation was to be provided." (Italics in original.)

 A reasonable interpretation of the Constitution does not require that there be legal representation for *all* misdemeanants. Construing it to require lawyers without pay, may help prevent a disaster to the public budget, but it will not provide lawyers in quantities which do not exist.

The federal rules require lawyers for indigent defendants in all except "petty offenses," which are defined as those in which the penalty may exceed six months in prison or a fine of $500. 18 U.S.C.A. Sect. 3006A.

Wisconsin, in State ex rel. Plutshack v. State Department of Health and Social Service, 37 Wis.2d 713, 155 N.W.2d 549, followed the federal rule in part, by holding:

> "* * * Counsel should be provided * * * in the case of all indigents charged with a misdemeanor, when the maximum penalty for imprisonment exceeds six months and in such other cases in which the trial court * * * deems it necessary and desirable in order to attain the best interests of justice."

 After consideration of all aspects of this problem, we have concluded that counsel for indigent misdemeanants *must* be provided in all cases where the maximum punishment exceeds $500 in fines or six months imprisonment, or both, and *may* be provided if the trial court in its discretion believes that the complexity of the case is such that the ends of justice require legal representation.

Unless and until the federal requirements are changed, the rule announced herein may prove helpful to the trial courts throughout the State of Arizona.

The peremptory writ is hereby made permanent.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.