505 P.2d 1063

**STATE of Arizona, Appellee,**

v.

**Ronald F. BRANDT, Appellant.**

**No. 1 CA–CR 403.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 8, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Presiding Judge.

This is an appeal from an order revoking probation and imposing a sentence of one year to one year and one day in the Arizona State Prison on prior pleas of guilty to one count of assault with a deadly weapon and one count of battery.

We are called upon to determine the following questions:

1. Whether the actual serving and completion of the sentence imposed by the revocation order makes the defendant's appeal "moot"; and

2. If this appeal is not "moot", whether defendant's statements at the revocation hearing that he was without counsel, without further inquiry as to waiver by the trial judge, constitutes a denial of appellant's Sixth Amendment right to counsel and a deprivation of due process of law.

I. QUESTION OF MOOTNESS

The State has argued in its answering brief that the fact of appellant's completion of service of sentence now makes his appeal moot. Counsel for appellant has argued, however, that there is a marked difference as to the benefits accruing to a probationer who has successfully completed his period of probation, as opposed to a defendant who has actually served a prison term. See A.R.S. §§ 13–

1741 through 13–1745, which deal generally with restoration of civil rights to a probationer or to a person discharged from prison. The most noteworthy of these sections are A.R.S. §§ 13–1743 and 13–1744 which provide:

"§ 13–1743. Application by persons discharged from prison

"A. Upon proper application, a person who has received an absolute discharge from imprisonment may have any civil rights which were lost or suspended by his conviction restored by the superior court judge by whom the person was sentenced or his successors in office from the county in which he was originally sentenced.

"B. A person who is subject to the provisions of subsection A may file, no sooner than two years from the date of his absolute discharge, *an application for restoration of civil rights that shall be accompanied by a certificate of absolute discharge from the director of the department of corrections.* The clerk of the superior court that sentenced the applicant shall have the responsibility for processing applications for restoration of civil rights upon request of the person involved, his attorney or a representative of the state department of corrections. The superior court shall cause a copy of the application to be served upon the county attorney. Added Laws 1970, Ch. 221, § 1, as amended Laws 1971, Ch. 159, § 2." (emphasis added)

"13–1744. Right of discharged probationer to withdrawal of plea of guilty or vacation of verdict of conviction; release from disabilities; making of application; pleading of conviction in prosecution for subsequent offense

"*Every defendant who has fulfilled the conditions of his probation for the entire period thereof or who shall have been discharged from probation prior to the termination of the period thereof may at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty.* In either case the court may thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney or by the probation officer authorized in writing, provided that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. Added Laws 1970, Ch. 221, § 1." (Emphasis added.)

As stated in A.R.S. § 13–1744, supra, a *probationer,* subsequent to the completion of his probation period, may move the court to set aside his plea of guilty or a verdict of guilty, and in addition, have his civil rights reinstated. A defendant who has actually served a prison sentence, however, may not subsequently have the plea or verdict set aside.

A determination that certain constitutional rights had not been safeguarded would be a fact to be considered by the Court in the event defendant should urge relief under A.R.S. § 13–1744 as one who has fulfilled the conditions of his probation. It could be that in some future proceedings the defendant could show that his probation should not have been revoked, and could show that having served his period of probation without violation of its terms he would be entitled to petition to have his plea set aside pursuant to A.R.S. § 13–1744. This appeal, therefore, is not moot.

## II. RIGHT TO COUNSEL

On May 17, 1967, the defendant was charged in an amended information in the

Superior Court of Maricopa County with one count of assault with a deadly weapon under A.R.S. § 13–249, and one count of aggravated battery under A.R.S. § 13–245, subsec. A. At that time defendant was represented by counsel and pleaded guilty to the above charges.

The trial judge then placed the defendant on probation and the imposition of sentence was suspended for a period of five years. No question is raised as to the validity of the original plea of guilty.

The conditions of defendant's probation as ordered by the trial court were:

"That you conduct yourself as a law abiding citizen in every respect, do not indulge in alcoholic beverages of any kind or in any quantity, and under any circumstances; do not engage in narcotic traffic of any kind with any one, and when someone proposes this to you, you are instructed to cooperate with the police department. You are to report to the Probation Officer once each week by telephone or in writing, or in person, or as he may direct, until such time as he feels it appropriate to relax the reporting to once a month, you are to be subject to Nalline Tests at any time suggested by the Probation Officer with or without notice. You are to be gainfully employed at all times and are not to become a charge upon the County or the State at any time."

On March 31, 1971, defendant appeared before the Superior Court of Maricopa County in a hearing concerning possible revocation of his probation and imposition of a prison sentence. The dialogue between the trial judge and the defendant was as follows:

"THE COURT: Cause Number CR–50689, State of Arizona versus Ronald F. Brandt.

"MR. BRANDT: Yes. I am without counsel right now, Your Honor.

"THE COURT: Well, I have a note from Ted Matz that he no longer represents you. Do you have counsel?

"MR. BRANDT: I have been notified to get counsel.

"THE COURT: You do plan to get counsel?

"MR. BRANDT: I am not sure.

\*   \*   \*   \*   \*   \*

"THE COURT: Do you think you can get an attorney by next week?

"MR. BRANDT: I hope so. How do you feel about this? How do you feel about this? Don't you think I would be better off—

"THE COURT: You are entitled to an attorney, if you want one.

"MR. BRANDT: *Could I have an attorney?*

"THE COURT: Even though Ted Matz was your attorney, he indicated to the Court that he no longer represents you.

"MR. BRANDT: Yes.

"THE COURT: I will continue this one week, then, to give you time to arrange for your attorney to be present at that time.

"MR. BRANDT: Yes. Thank you, Your Honor." (Emphasis ours.)

On April 7, 1971, the defendant again appeared before the court and the following dialogue took place:

"THE COURT: Your name is Ronald Brandt?

"MR. BRANDT: Yes, Your Honor.

"THE COURT: Do you have an attorney?

"MR. BRANDT: *No, I wish to act as my own counsel* and enter a written defense and here it is (indicating)." (Emphasis ours.)

The above appears to be the extent of the trial judge's examination of defendant's waiver of counsel.

The U. S. Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L. Ed.2d 336 (1967), determined that it was reversible error to deny a defendant the right to counsel at any "critical stage" of

the proceedings held against him, and that the time of sentencing was a critical stage.

The Arizona Supreme Court, in the case of Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966), held specifically that it was reversible error to be denied the right to counsel at a revocation of probation hearing.

 The issue, then, before this Court is whether the trial judge adequately determined that defendant had intelligently and voluntarily waived his constitutionally guaranteed right to counsel at the hearing. This Court has carefully examined the record of both hearings and can only conclude that the examination of the defendant as to his waiver of counsel was substantively inadequate.

At the inception it was learned that counsel who had previously represented defendant was no longer to do so. Defendant had stated that he had been notified to get an attorney and that he was not sure that he was going to do so. The court informed the defendant that he was entitled to an attorney, but it is not clear to us whether it meant appointed counsel in the event defendant was unable to employ one. To cloud the matter further, at that point in the dialogue the defendant asked the question, "Could I have an attorney", and the court responded to this inquiry by merely saying that defendant's previous attorney had indicated that he no longer represented him. The court then continued the hearing one week in order to give defendant time to arrange for an attorney. A week later when the court resumed, the trial judge asked defendant if he had counsel, whereupon defendant replied that he did not; that he wished to act as his own counsel; and read from a prepared written defense.

Under these circumstances, it is extremely difficult for us to find a record of voluntary waiver. We say this because at the time of the hearing defendant had been in jail over eight months, obviously unemployed, and on June 4, 1971, the court had recognized defendant's affidavit in forma pauperis and had ordered the public defender to represent defendant as an indigent. In Mempa, supra, the U. S. Supreme Court reversed under circumstances wherein the defendant was not asked whether he wished to have counsel appointed for him in a situation where he obviously was without means.

We are mindful that the defendant has served his time and has been released from prison. This, however, should not foreclose him from in the future urging consideration under A.R.S. § 13–1744 in the event there are procedures whereby he could do so.

We hold the record does not affirmatively show a waiver of counsel. The judgment, therefore, is reversed for further proceedings not inconsistent with this opinion.

OGG and STEVENS, JJ., concur.