505 P.2d 1390

**STATE of Arizona, Appellee,**

v.

**Charles Walter SCOTT, Appellant.**

**No. 1 CA–CR 399.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 13, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Presiding Judge.

The sole question raised on this appeal is whether the defendant was deprived of his Sixth Amendment right to the assistance of counsel at his trial.

The record shows that the defendant was charged with the violation of A.R.S. § 13–249, as amended, assault with a deadly weapon, a felony, in a complaint dated November 28, 1969, and filed with the justice of the peace. In the presence of his private counsel he was arrested and released on his own recognizance. At the preliminary hearing on January 27, 1970, the defendant was present and was represented by private counsel. Following the hearing he was held to answer the charge and an information was filed in the Maricopa County Superior Court charging the same violation as the complaint, identifying the deadly weapon as a knife and identifying the person assaulted as Frankie Jo McMurry. The record reveals considerable activity on the part of the defendant's counsel in the preparation of his defense until September 25, 1970, when he filed a motion to withdraw citing as his reason: "a conflict between the defendant and counsel." The nature of this conflict is not revealed in the record, however, on September 30, 1970, by minute entry, the trial judge granted the defendant's counsel's motion to withdraw. The minute order then continues:

> "The Court inquires of Defendant as to his ability to employ counsel; Defendant states that he is so able. The Court directs Defendant to obtain new counsel at the earliest possible moment, in order that a trial date may be set at the convenience of counsel."

There is no transcribed record of the September 23rd hearing.

On October 21, 1970, the trial judge held a second hearing "for determination of counsel for Defendant." The minute order in part reads:

> "The Court inquires of Defendant as to his ability to employ counsel. Defendant states that he has been unable to do so.
>
> "IT IS ORDERED setting this cause for trial to a jury on November 17, 1970.

'"IT IS FURTHER ORDERED that Defendant obtain counsel to represent him before the time set for trial."

The transcript of this October 21st hearing was made a part of the record and we find the following colloquy between the court and the defendant:

"THE COURT: Cause Number 61322, State of Arizona versus Charles Walter Scott.

"Mr. Scott, have you obtained the services of an attorney?

"THE DEFENDANT: I don't have any more money now.

"THE COURT: Are you working?

"THE DEFENDANT: I had a job in California. That is why I am here now, came back here for trial.

"I was accused at the time I was working in Los Angeles, so I had to come back here. The attorney I had—

"THE COURT: You are not working?

"THE DEFENDANT: —he said he couldn't find me because he did some work for—

"THE COURT: I know the reason why.

"Are you working now?

"THE DEFENDANT: No.

"THE COURT: How are you living?

"THE DEFENDANT: My mother sends me money. We have a farm out in Texas, and I asked her for some money to obtain a lawyer.

"THE COURT: Do you intend to get a job here?

"THE DEFENDANT: If I get out of this.

"THE COURT: I am not trying your case here. I am trying to find out if you are going to be able to get a lawyer.

"Is your mother going to be able to get enough money to get a lawyer?

"THE DEFENDANT: She lives in west Texas. We have a farm there.

"THE COURT: Is she going to be able to help you financially to get a lawyer?

"THE DEFENDANT: She said she would let me know, so meanwhile I am going to be trying to do something myself.

"THE COURT: I am going to set your trial date on this November 17, 1970.

"THE DEFENDANT: November 17, 1970?

"THE COURT: Better hurry and get a lawyer. If that day comes and you don't have a lawyer, you are going to be trying that case yourself, and it is pretty rough to do.

"THE DEFENDANT: I want to ask some questions: I was in California when this happened to me. I went there before on the 15th of November, along near the 25th. I have witnesses there in California. How would I go about getting these people here?

"THE COURT: Subpoena them.

"THE DEFENDANT: I had an attorney; my trial came up two or three times. I had those people here. I got them here. And he said the trial was discontinued (sic) another month.

"THE COURT: Well, the thing to do is when you get your attorney, have him set it for a day certain. If he can't go on the 17th, have it set for a day certain. That means we can go then regardless.

"As of now, I am setting it for the 17th day of November, so you better hurry up and get yourself a lawyer.

"THE DEFENDANT: How do I go about subpoenaing?

"THE COURT: Your lawyer will take care of that. If you don't have a lawyer, you will have to do it yourself, but I am not going to teach you how to practice law. That is up to you. Remember that now.

"It may not particularly go on that date, because we might be in trial on some other case on that date.

"If you don't have a lawyer before the 17th, I would say either three or four days before, you are going to have witnesses here from California, so you better call in here and get my girl to set a date certain, and on that day it will go whether you have a lawyer or not.

"This is the tentative date I am setting, the 17th, so if you get a lawyer, let him know about that.

"That is all."

The case came on for trial on November 18, 1970, and the defendant had not obtained private counsel. At a closed hearing prior to the trial, with the defendant, county prosecutor, court reporter and a public defender present, the following dialogue took place:

"[Court]: I wish to explain Mr. Scott's rights to him and what Mr. Lee [Public Defender] is doing here. The Court has previously found and still finds Mr. Scott does not qualify for an appointment of a Public Defender to represent him.

"However, Mr. Scott, I have asked and Mr. Lee has consented free-of-charge to voluntarily assist you in your defense in this trial if you wish to have him, and I will explain what that assistance means.

"It means all questions and any opening statement must be made by you, any closing argument to be made must be made by you.

"The conduction of the trial as to the questioning of witnesses must be done by you. Any objection must be done by you just the same as if you were an attorney.

"However, Mr. Lee, if he may think an objection is proper, he may nudge you and tell you to object and tell you the reasons why, and you then have to make the objection and state the reasons.

"If you have some doubt in your mind as to whether you should question a certain witness or what questions you should ask, you may turn to him and ask him for his advice and counsel. That is

all he could do for you. He cannot conduct the case for you or speak for you.

"You do have a right not only under the Constitution of the United States of America, but specifically, under our Arizona law to conduct your own trial without the advice or assistance of anyone, if you so desire to do; in other words, you cannot be forced to have anybody sit and advise you if you feel you may not be getting proper advice or for any other reason if you feel you wish to conduct the trial yourself. You have the right to do so.

"I strongly advise you to use the services of Mr. Lee, a trained, experienced defense attorney, naturally, being the Public Defender of this County. I do strongly advise you to use him.

"Do you wish him to assist you at the table?

"THE DEFENDANT: Yes, sir.

"THE COURT: With that understanding in mind, I am going to clear this courtroom right now of everybody except you and Mr. Lee, and I am going to give you and Mr. Lee a few minutes to talk briefly so he can explain what he can do and can't do as far as assistance is concerned. Then, Mr. Lee, will you press the buzzer up here."

Following the trial and jury verdict of guilty a motion for new trial was prepared and filed by the public defender. This motion was denied on December 2, 1970, and defendant was sentenced to a three year term, placed on probation, but was required to serve 90 days in the county jail. Defendant appealed from the judgment and sentence.

We have searched the record and fail to find any statement or act by the defendant indicating that he intelligently and voluntarily waived the presence of counsel, that he requested to act as his own attorney, or that he was advised by the court that counsel would be appointed for him in the event that he could not afford to employ private counsel. The court did state on November 18 that it had previously "found

and still finds Mr. Scott does not qualify for an appointment of a Public Defender" but the record is silent as to that event. Such a silent record has been held defective by the U. S. Supreme Court in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), where the record did not show that the trial judge had offered and the defendant had declined counsel. For a complete analysis of this Sixth Amendment right to the appointment of counsel, *see* State v. Martin, 102 Ariz. 142, 426 P.2d 639 (1967); State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964); Casenote, 8 Ariz.L.Rev., 347, (No. 2 Spring 1967). *See also* Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and the latest pronouncement of the U. S. Supreme Court requiring that counsel be appointed in "petty offense" prosecutions in which any incarceration is actually imposed, Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

We hold that the foregoing record is insufficient to show an intelligent and voluntary waiver of counsel by the defendant. Consequently the proceedings were in violation of his right to counsel under the Sixth Amendment to the United States Constitution.[1] The judgment of guilt and order are reversed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.

[1] This same result was reached in the recent case of State v. Brandt, 19 Ariz.App. 172, 505 P.2d 1063 filed February 8, 1973, decided by Department A of this Court.