629 P.2d 989

STATE of Arizona, Appellant,

v.

Charlie Lee EVANS, Willie Lee Richmond, Willie Luther Steelman, Appellees.

STATE of Arizona, Appellee,

v.

Paul William JORDAN, John Henry Knapp, Loris McVay and Sylvester Smith, Appellants.

Nos. 5114, 5063.

Supreme Court of Arizona, In Banc.

June 3, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for the State.

Richard Oseran, Pima County Public Defender, by Allen G. Minker, Robert Norgren, Asst. Public Defenders, Tucson, for Charlie Lee Evans et al.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Maricopa County Public Defender, Phoenix, for Paul Williams Jordan et al.

Charles M. Sevilla, San Diego, Cal., on behalf of Cal. Attys. for Criminal Justice, Cal. Public Defenders Ass'n, amicus curiae.

Michael L. Altman, Ariz. State University, Richard J. Wilson, Director, Defender Div., Washington, D. C., on behalf of National Legal Aid and Defender Ass'n, amicus curiae.

Lewis & Roca by John P. Frank, Michael L. Cooper, Phoenix, for NAACP Legal Defense Fund and Ariz. Civil Liberties Union, amicus curiae.

HOLOHAN, Vice Chief Justice.

The above named defendants were all sentenced to death after convictions for first degree murder with aggravating circumstances. Their convictions have been affirmed by this court. Each of the defendants was represented by either the Maricopa County Public Defender or the Pima County Public Defender.

The Attorney General and the Maricopa County Attorney filed motions in the superior court to prevent the Maricopa County Public Defender from representing the above defendants in federal court. The motions also sought to limit the public defender to representation of the defendants in state court only. Similar motions were filed by the Attorney General and the Pima County Attorney against the activities of the Pima County Public Defender.

The Superior Court of Maricopa County granted the motions of the Attorney General and the Maricopa County Attorney. The defendants filed a timely appeal (No. 5063).

The Superior Court of Pima County denied the motions of the prosecutors, and the Attorney General and the Pima County Attorney filed an appeal (No. 5114).

We ordered the appeals consolidated because they involved essentially the same issues and principles of law.

■ The State contends that the duties of the public defender do not include representation of defendants in federal proceedings. We agree. We find nothing in A.R.S. § 11–584 defining the duties of the public defender which would allow the public defender to represent indigent defendants in the federal court system. The statute enacted was meant to provide representation for indigents in the state court system. It was expected that the federal system would provide its own means for supplying representation for indigents in its court.

The federal courts are, pursuant to 18 U.S.C. 3006(A)(g), authorized to appoint and compensate counsel for the representation of indigents seeking relief from state convictions pursuant to 28 U.S.C. 2254.

Normally the foregoing would be sufficient to resolve the controversy, but the present status of the cases of the named defendants presents a different and more difficult problem. The defendants contend that neither of the superior courts had jurisdiction to consider the motions filed by the Attorney General and the County Attorneys; further, the defendants contend that the attorneys for the State have no standing to challenge the representation afforded them. *Knapp v. Hardy*, 111 Ariz. 107, 523 P.2d 1308 (1974).

■ It must be conceded that the superior court, prior to the filing of the motions by the prosecutors, had completed all proceedings applicable to the trial and sentence of the defendants. Any possible future proceedings in the superior court would be under Rule 32, Rules of Criminal Procedure dealing with post conviction remedies. Absent a Rule 32 proceeding, the jurisdiction of the superior court over the defendants had ceased. The superior court was without jurisdiction to act on the motions of the Attorney General and the County Attorneys.

In addition, the majority opinion in *Knapp v. Hardy, supra*, questions the authority of a prosecutor to challenge the selection of counsel for a defendant once the issue of indigency has been established.

The indigency status of the defendants in these matters is not questioned. Under *Knapp, supra*, it is very doubtful that the prosecutors had any standing to question the representation of the defendants. The Board of Supervisors, the body charged with establishing, employing and paying the Public Defender, appears to be the more appropriate party to complain of actions by the Public Defender which might be in excess of his authority. *See* A.R.S. §§ 11–581 & 582.

Because of the current legal status of the named defendants, we hold that the motions at issue filed by the Attorney General and the County Attorneys should have been denied; therefore, the order of the Superior Court of Pima County (No. 5114) is affirmed, and the order of the Superior Court of Maricopa County (No. 5063) concerning the motions of the prosecutors is reversed

with directions to enter an order denying the motions.

HAYS, J., concurs.

STRUCKMEYER, Chief Justice, concurring.

In these cases, the defendants have each been convicted of first degree murder, sentenced to death, and have exhausted their state court appeals. They have now filed suits in the federal court asserting various breaches of federal law which they believe resulted in or at least influenced their convictions.

By statute A.R.S. § 11–584(A)(1), it is provided that the public defender shall on order of the court defend, advise and counsel an indigent defendant for "(a) Offenses triable in the superior, municipal or justice courts * * * " and "(e) Appeals to a higher court or courts." The suits filed in the federal court by defendants are not appeals to a higher court. Federal courts are courts of coordinate jurisdiction with state courts charged with the responsibility of enforcing federal laws. *Covell v. Heyman*, 111 U.S. 176, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884). I therefore agree that the statute § 11–584(A)(1) was designed to provide representation for indigents in the state court system.

I further am of the opinion that the attorney general has standing to challenge the representation by the public defenders in the federal courts. By statute A.R.S. § 41–193(A)(3), the Attorney General of Arizona is required to "represent the state in any action in a federal court * * *." As the representative of the interests of the state, it is my opinion that he may question the right of the public defender to act for these defendants at the state's expense in their attempts to obtain relief in the federal system.

GORDON, Justice (concurring in part and dissenting in part).

I agree with the majority that these cases have progressed beyond being active state cases and that the prosecutors, state and county, have no standing to object at this stage in the cases to county defender attorneys representing these defendants before the Ninth Circuit Court of Appeals or the United States Supreme Court. If the Court's opinion had stopped there, I would have joined it. It did not, however. The opinion proceeded to gratuitously answer questions for future cases which I feel would be better dealt with when the facts of those cases are known. The dictum I refer to is:

"We find nothing in A.R.S. § 11–584 defining the duties of the public defender which would allow the public defender to represent indigent defendants in the federal system."

This portion of the opinion was not necessary for the disposition of these cases. It must have been intended to set down a rule to control future cases where the public defender's representation may be somehow challenged by the Board of Supervisors of Maricopa or Pima Counties. I do not object to the use of dictum for this purpose. My disagreement is with the rule itself, which may cause unjust results and a lack of judicial economy.

My first concern is with the justness of making a distinction as to whose lawyers may or may not continue to represent criminal defendants as their cases proceed from state to federal courts. Although this Court's opinion finds nothing in A.R.S. § 11–584 to allow public defenders to represent Arizona defendants in federal courts. I do not find anything in that section or any other law in Arizona which would *preclude* public defenders from doing so. Perhaps this Court is worried about taxpayers' funds being used to pay lawyers to represent indigent defendants in federal courts. This concern does not have its source in the wording of A.R.S. § 11–584 or any supporting statute. It is possible that this problem may even be avoided if continued representation were allowed.

Although there is no logical reason for distinguishing between these and other felony cases, capital offenses are unique in some ways. One of these is that defense counsel has defendant's life in his hands. These defendants are presently represented by attorneys who have been long familiar with the backgrounds of their cases, the

evidence and exhibits taken in trial, and the rulings made both by the trial court and this Court. In addition, a relationship of trust and confidence may have become established between the defendants and their counsel. It not only seems unfair, but very inefficient, to require that defendants under these circumstances now be required to accept a lawyer from the federal system who is not only a total stranger to them, but who is totally unfamiliar with the case, and who must quickly familiarize himself with all the prior holdings and the intricacies of the case that present counsel has already mastered. All the while the Attorney General of the State of Arizona will be opposing the new attorney's attempts to get the defendant's case into the federal system under A.R.S. § 41–193(A)(3). This is the same Attorney General who usually represents the state in the state system and who probably has superior knowledge of the facts and law at this point over defendant's new counsel. It would seem that it would be fairer and more economical to allow defendant's present counsel to continue in federal representation as the state's counsel is allowed to.

The majority correctly states that federal courts have discretionary authority pursuant to 18 U.S.C. 3006(A)(g) to appoint counsel for the representation of indigents seeking relief from state convictions pursuant to 28 U.S.C. 2254. This representation comes about, however, after the indigent defendant has convinced the district court that the "interests of justice so require." To assume that all indigent defendants have the intellectual, literary, language and legal skills to list all applicable legal theories of constitutional error on which his defenses rest in these applications without the assistance of counsel is an assumption greater than I am willing to indulge in or agree to.

I concur in the reasoning of the majority that the taxpayers of Maricopa and Pima Counties should not be required to pay for indigent defendants' representation by attorneys in the federal court once the federal courts have decided to take jurisdiction. However, there appears to me to be a gap between the point at which Arizona courts' jurisdiction terminates and the one at which federal courts' jurisdiction begins. It is my feeling that this gap is not bridged by the majority opinion and that certain defendants may fall into this crack and disappear because their rights are not able to jump the chasm. For reasons of fairness, economy and efficiency, I believe A.R.S. § 11–584 should be construed to require the public defenders in Maricopa and Pima Counties to remain responsible to advise indigent defendants as to their rights in federal courts and to assist them in the preparation and filing of these applications until such time as federal jurisdiction is either accepted or denied. Also, assuming that lawyers within the public defender's office are authorized to practice in the federal courts, I see no statutory or constitutional obstruction to those attorneys continuing their clients' representation in federal court beyond the point of acceptance of federal jurisdiction, provided arrangements can be made between the federal and state authorities for the reimbursement of the costs of that representation.

CAMERON, Justice.

I concur in the opinion of Justice GORDON.