656 P.2d 619

**Humberto CAMPA, Petitioner/Appellee,**

v.

**The Honorable Robert FLEMING, City Court Magistrate of the City of Tucson, Respondent,**

and

**The STATE of Arizona, real party in interest, Respondent/Appellant.**

No. 2 CA–CIV 4217.

Court of Appeals of Arizona, Division 2.

June 25, 1982.

Rehearing Denied Sept. 24, 1982.

Review Denied Dec. 29, 1982.

Frederic J. Dardis, Pima County Public Defender by Carol Wittels, Asst. Public Defender, Tucson, for petitioner/appellee.

Frederick S. Dean, Tucson City Atty. by John Brady, Tucson, for respondent/appellant.

OPINION

BIRDSALL, Judge.

This is an appeal from a special action in the superior court. The Tucson City Magistrate, the respondent on the petition filed by appellee Campa, refused to appoint counsel to represent him on a charge of shoplifting. The offense is a Class 1 misdemeanor carrying a possible sentence of six months in jail and/or a $1,000 fine. The city prosecutor avowed that no jail time would be requested, and the city magistrate ruled that no jail time would be imposed. The appellee was an alien and on probation in the superior court for DWI.

The superior court granted the petition and ordered the city court to appoint counsel to represent the appellee on the shoplifting charge. We reverse.

Although the case involved a different substantive issue, we find the reasoning in our recent opinion in *Quigley v. City Court,*

132 Ariz. 35, 643 P.2d 738 (App.1982) (concerning superior court review of the action of a city magistrate) to be dispositive of this appeal.

Rule 6.1(b) of the Rules of Criminal Procedure, 17 A.R.S., provides:

> "*Right to Appointed Counsel.* An indigent defendant shall be entitled to have an attorney appointed to represent him in any criminal proceeding which may result in punishment by loss of liberty and in any other criminal proceeding in which the court concludes that the interests of justice so require."

This rule, effective September 1, 1973, is the latest pronouncement on this subject by the Arizona Supreme Court. Significantly, it postdates *State v. Anderson*, 96 Ariz. 123, 392 P.2d 784 (1964); *Burrage v. Superior Court*, 105 Ariz. 53, 459 P.2d 313 (1969); and *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The comment to the rule states that it is adopted from *Argersinger, Burrage, Gideon v. Wainright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963) and ABA, Standards Relating to Providing Defense Services § 4.1 (Approved Draft, 1968).

The landmark United States Supreme Court decision, *Argersinger v. Hamlin, supra,* requires that trial counsel be appointed for an indigent misdemeanor defendant before loss of liberty may result from a conviction. The decision requires no more than that. *Gideon* established that the 6th and 14th Amendments to the United States Constitution mandate appointment of counsel in felony cases. The ABA Standard, 4.1, provides: "Counsel should be provided in all criminal proceedings for offenses punishable by loss of liberty, except those types of offenses for which such punishment is not likely to be imposed, regardless of their denomination as felonies, misdemeanors or otherwise."

In *Burrage v. Superior Court, supra,* the Arizona Supreme Court held that counsel "*must* be provided in all cases where the maximum punishment exceeds $500 in fines or six months imprisonment, or both, and *may* be provided if the trial court in its discretion believes that the complexity of the case is such that the ends of justice require legal representation." 105 Ariz. at 55, 459 P.2d at 315 (emphasis in original). We believe that the provision in Rule 6.1(b) "which may result in punishment by loss of liberty" is intended to meet the requirements of *Argersinger,* and that the requirement for appointment in *Burrage* in any case where the maximum punishment is a $500 fine or six months imprisonment is effectively overruled by adoption of the rule. We also believe that the provision in the rule for appointment in any other case "in which the court concludes that the interests of justice so require" should be equated with the holding in *Burrage* concerning the discretion of the trial court to appoint counsel in cases not involving loss of liberty, because of the complexity of the case. We also believe the rule recognizes that other factors, not necessarily falling within the meaning of "the complexity of the case," may justify appointment in a given case.

Although *State v. Anderson, supra,* held that counsel must be appointed in any serious misdemeanor, we believe that holding is no longer viable in view of the adoption of Rule 6.1(b). In both *Anderson* and *Burrage* our supreme court observed that the right to appointment was required by the due process clause of the 14th Amendment. The *Anderson* court found *Gideon* controlling even though the substantive charge involved was a misdemeanor. In view of *Argersinger, Burrage* and the criminal rule, we do not believe the city court was bound by *Anderson.* The criterion for appointment of counsel for an indigent misdemeanor defendant who will not suffer loss of liberty is not whether the misdemeanor is a "serious" offense.

The *Burrage* opinion contains the following qualification: "Unless and until the federal requirements are changed, the rule announced herein may prove helpful to the trial courts...." 105 Ariz. at 55, 459 P.2d at 315. We cannot categorically find that the federal requirements were changed by *Argersinger,* but they surely were clarified. Since *Argersinger,* they have been even further clarified by *Scott v. Illinois,* 440 U.S.

367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). That decision is directly in point with the instant case, since there is no authority holding that Arizona has standards which are more strict in this area than the U.S. Constitution. *Scott* held that an indigent defendant charged with shoplifting who would not be imprisoned, even though the sentencing range was up to one year, was not entitled to appointed counsel.

■ The appellee has also argued that our decision in *State v. Superior Court,* 121 Ariz. 174, 589 P.2d 48 (App.1978), holding that shoplifting is a "serious offense," thus entitling the accused to a jury trial, should be considered on this related question of right to appointed counsel. In view of our discussion of *Anderson* and the cases decided thereafter, we do not believe the right to a jury trial can be equated with right to appointed counsel. *Compare Argersinger, supra,* and *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). The classification of a misdemeanor as "serious" does not create a right to appointed counsel. Since a conviction of the shoplifting offense cannot result in a loss of liberty, the appellee is not entitled to appointment of counsel, the city magistrate having implicitly concluded that the interests of justice do not require the appointment.

The facts that appellee is on probation and an alien seeking to remain in this country are collateral, and neither necessitates appointment of counsel. No petition to revoke probation has been filed. A petition may never be filed. The possibility of deportation is also speculative and, in any event, does not constitute a possibility of imprisonment.

■ The appellee also argues that since counsel for the appellant, the city attorney, represents the state in prosecutions in the city court, there is a conflict resulting in "no standing" and the appeal should be dismissed. We do not agree. *State v. Evans,* 129 Ariz. 153, 629 P.2d 989 (1981) (county attorney and attorney general have no standing to object to the public defender's representing clients in federal court) and *Rodriguez v. State,* 129 Ariz. 67, 628 P.2d 950 (1981) (county attorney has no

standing to object to public defender appointment once indigency is established) are inapposite. In the instant case the initial determination by the city magistrate was to *refuse* the request for appointment. It was the appellee, represented by the public defender, who filed the special action challenging that decision. Assuming, arguendo, that standing may be questioned under these facts, the city attorney did not lack standing to represent the respondent magistrate and State of Arizona in that action, or to pursue this appeal. If the tables were turned, and the magistrate had appointed counsel, then this argument might have merit.

As in *Quigley, supra,* the superior court substituted its own discretion for that of the city magistrate. This it cannot do.

The order of the superior court is vacated.

HOWARD, C.J., and HATHAWAY, J., concur.